Please proceed counsel. May it please the court, excuse me, Matt Brannon from the San Diego Public Defenders on behalf of Mr. Bradway. As this court knows, the thin but meaningful distinction that this court set out in Houston v. Rowe that separated California's special circumstance lying in wait from first degree lying in wait is now gone. Houston was the first of two cases in which this court has narrowly salvaged California's lying in wait which is unlike that of any other state and unlike that in federal courts. In our brief, we discussed the phrase thin but meaningful and we somewhat emphasized the word thin but perhaps the really important word is meaningful because we stand today with a distinction about implied and expressed malice. Houston v. Rowe, unlike the assertion of the Court of Appeal, came out in 1999 and it didn't simply stop reading California cases in 1982. Judge Trott and the other judges in Houston v. Rowe were well aware of the fact that there was another putative distinction that would save the statute from vagueness, namely implied and expressed malice. The reason Judge Trott settled on the word meaningful is because that other distinction had never been discussed, had never been analyzed, had never really been considered. It had only been mentioned. And really, when you actually start to consider that distinction, it is in fact meaningless. Counsel, may I ask you in terms of California law, now is it true that first-degree murder can be established by satisfying willful, premeditated, and deliberate or lying in wait? Are those alternatives under California law? No, Your Honor. Under Section 189, a lying in wait is regarded as willful, premeditated, and deliberate. Okay, but that's not the only way you can show that a murder is willful, premeditated, or deliberate, right? Correct. Okay, so you can either show lying in wait or you can show those three requirements by some other means. You can show premeditation and deliberation by other means. Yeah, without showing lying in wait. Okay, so why isn't there a distinction then if you show willful, premeditated, and deliberate by some other means and then add lying in wait? Why wouldn't that be a distinction that could support the special circumstance? Your Honor, there's almost no conceivable situation where anyone is going to argue that the facts comprising lying in wait don't evidence premeditation and willfulness. If you're talking about a situation where lying in wait exists, lying in wait, those facts, are going to be the very facts that underpin intent to kill premeditation and deliberation. There is a case called Milton from 1904 that I did not cite. And it deals with lying in wait when in California it was regarded as simple physical concealment. That's at 145 Cal 169. And at page 170, the court goes through the various ways that you just enumerated, that you can show first-degree murder. And what the court says in that case is of the first of these claims, namely the torture, poison, lying in wait, it is sufficient to note that the means adopted for the unlawful killing furnish evidence of willfulness, deliberation, and premeditation. And this is made perfectly plain by the context of the section, which declares to be murder in the first degree, all murder, which is perpetrated by lying in wait. What do you do with the state's hypothetical example of someone who lies in wait with the intent to beat somebody up but not kill them, but death results? Well, you go to the jury instructions and you look at what lying in wait means. And what lying in wait means, according to the jury instruction, is watching and waiting equal to premeditation and deliberation. But premeditation and what, murder? Or you said it fills in lying in wait, fulfills willfulness, intent, premeditation. And I'm wondering about the intent. Your Honor, two things. One, if you look at 189, you've got felony murder where you backfill. In other words, you say, well, the crime itself, we're just going to infer an intent. When we're talking about your sort of hypothetical intent to do serious bodily injury, there is no meaningful distinction when you lie in wait because, by law, what you have done is you have elevated whatever implied malice you might have had to premeditation, deliberation, and intent to kill. That's not what the jury instruction says. It segments out those two factors. One is the intent to kill, and the second is lying in wait. Your Honor, then we need to read about what lying in wait means. And lying in wait defines watching and waiting sufficient to equal premeditation and deliberation. You ask about deliberation, Judge Canvey, and premeditation, and isn't it just to do the act? Last night, I read every single case I could find on premeditation and deliberation. It has nothing to do with anything other than murder. In any state statute that I could read in the federal statutes, what's interesting is that our Section 189 is all but identical to the federal court 18 U.S.C.S. 1111. Practically the identical language. And the courts from federal court also talk about this overlap, this equivalency, between a lying in wait murder and the intent. And just to take one more step. I don't want an interruption. I'm really worried that you're arguing now about California law and what it says, but I'm really worried about is there any Supreme Court precedent which would give me any reason to undo anything that California's done. I'm not going to worry too much about your statements as you're going. I hope you will answer the question if you think it's important, but the Supreme Court's never addressed lying in wait. No, Your Honor, it hasn't. Your arguments are really about due process and vagueness, right? Yes, Your Honor. And if they're about vagueness, then if I read Maynard v. Cartwright, it says, lack of notice and hints may be overcome in any specific case where reasonable persons would know that their conduct is at risk. My worry here is that this statute doesn't intelligibly forbid, it doesn't unintelligibly forbid a definite course of conduct. This statute doesn't fail to give an adequate warning that the conduct was illegal. So how is Maynard undone? Because two points. One is Maynard was interpreted by Houston v. Roe, and we're in the identical posture of Houston v. Roe. We're not talking about Houston v. Roe. That's not a Supreme Court case. Houston v. Roe interpreted a Supreme Court case, and this Court has said repeatedly that our interpretations of Supreme Court are certainly valid as to this Court. But we're really talking about a habeas case here. I'm talking about trying to determine in this particular situation whether Supreme Court precedent says that the due process clause has been undone because of vagueness, or I've got to move to the sentencing enhancement has been undone because of vagueness. And I guess I'm trying to figure out, it doesn't seem to me in reading these statutes, that there's any unintelligible idea about what I'm going to get myself into. Judge Smith, if we can ignore Houston v. Roe, or we can say we're back after you've eliminated the meaningful distinction, and the kind of standing claim that you're talking about was adjudicated in Houston v. Roe, but even more important than that, you raise what is the crucial issue in the case, which is vagueness. Yeah. And you're saying, well, anybody would know. Well, Maynard says these are the questions. Does the statute intelligibly forbid a definite course of conduct? Does it give defendant adequate warning of the conduct which was illegal? That's the questions Maynard focuses on. But in this case, what Judge Trott did is we're not talking about a generic vagueness statute as applied to conduct. We're talking about vagueness between a special and first degree lying in wait. And the equivalent, Your Honor, is this. If Idaho or any other state has two statutes, one's murder, one's assault with a deadly weapon, but they're the same. The question is, how does the offender restrict his conduct to fit within that lesser statute? And the answer here, according to Houston v. Roe, is, well, all you need to do is have implied malice. But the offender comes back and says, wait a minute. As I read 189, there is no such thing as implied malice when I lie in wait. That's the equivalent of premeditation. So you're not helping me restrict my conduct to the lesser statute. But the problem comes in that the California appellate court that I'm now supposed to be looking at cites the language of Maynard, goes through the due process challenge, and says it fails because he reasonably would have known that preparing to and committing murder in the way he did would fall under lying in wait. And I have to say, then, based on due process, not ever having had him talk about lying in wait at all under Maynard, that that's an unreasonable interpretation. Your Honor, we've already been there. We've already gotten there with Houston v. Roe. The only question that really needs to be answered here is not about Maynard v. Cartwright, but really about this court's interpretation of Maynard v. Cartwright. We can never disregard Supreme Court authority. I am not asking this Court to disregard Supreme Court authority. We're here in the same exact posture as Houston v. Roe. I'm just asking this Court not to disregard that case. And once you're there, the real question is, is there any difference between this implied expressed malice distinction between these two statutes that are otherwise identical? And if the answer is no, that's a problem. And I just, in closing, want to say that's not the only problem with the statute. This is the second time this Court in less than a decade has taken a look at two interrelated problems regarding the constitutionality of this lying in wait statute. It has literally become a black hole that draws too many cases in. This Court said, well, that's murder by surprise. But if you go back and you look at the statute, it was 189, it's from 1872. Lying in wait involved physical concealment. It's never been amended in 189 with respect to lying in wait. Counsel, you've exceeded your time. We'll give you a minute for rebuttal. Thank you. Good morning. May I please report? Barry Carlton, Deputy Attorney General, on behalf of Respondent. What this Court has defined before it grants the relief that appellant is seeking is that the California courts violated the federal constitution in some fashion. They have to find that the California courts unreasonably applied Supreme Court, controlling United States Supreme Court law, or reached a result contrary to controlling United States Supreme Court law. In deciding what the Supreme Court has said, we can look to our cases that say what it said, can't we? In a very limited fashion. The Supreme Court has, this circuit has asserted that rather strongly in the past, but more recent case law emphasizes that it's the United States Supreme Court decisions that are controlling what those decisions are can be illuminated if you look at large numbers of circuit court cases. If we have a case interpreting the Supreme Court law, isn't that precedent for us? I think in a limited fashion. What do you mean a limited fashion? In the sense that it cannot trump Supreme Court law. If this Court's case tracks the Supreme Court case, then I suppose it is precedent. Oftentimes the Supreme Court gives us a broad proposition of law and we interpret that. So is your position that our interpretation of a broad Supreme Court principle is not binding? That would actually be less binding because if you have a broad principle, the Supreme Court has said that all courts are given a much wider discretion. So in Your Honor's hypothetical, we may have a situation where the Ninth Circuit interprets a broad proposition one way, but that doesn't mean that a state court interpreting it another way would be unreasonable. But if the Ninth Circuit has interpreted, if we're looking at a case that's exactly the same as a case that we previously held, are you saying we disregard the holding in the previous case? Under Your Honor's hypothetical, where we're talking about a broad principle. I'm asking you that specific question. Yes. If the Ninth Circuit has ruled on a particular issue in interpreting the Supreme Court decision, does a subsequent panel have to follow that ruling? No. Why not? Because under the AEDPA, the standard is there's an additional question that must be asked. Could some reasonable court come up with a different interpretation? So basically, I guess this is your way of saying that Houston does not control this situation, basically is what you're saying. I don't know, I don't think Houston, I don't think Houston really even addresses the situation. Why not? Because, for one thing, Houston, well, in a way it does. Houston found that there's no standing in a situation where there was not a death penalty. Well, that was only one of the findings. It also determined that there was a meaningful distinction between the line-in-wait special circumstance and the line-in-wait premeditation deliberation. Right. And it found that. I'm sorry. I'm sorry. It found that distinction. It didn't thereby find that there was no other distinction. So I don't think it really answers the question before this Court. And by saying that, I get ahead of myself because I don't think that question actually is before this Court. What this Court has to determine is to identify some provision of the U.S. Constitution, as interpreted by the United States Supreme Court, that the California courts got wrong. And what is the governing law here? And I've been thinking about it. The governing law, I don't think, is the narrow question of the line-in-wait special circumstance. The governing law here is one of due process. It's vagueness. What has the United States Supreme Court said about vagueness? Do you agree that it's vagueness in distinguishing between the two situations? Between the line-in-wait as a first degree and line-in-wait as a special? Yeah. That's certainly what they're claiming. And I think in that circumstance, you've got the Maynard v. Cartwright decision, which says that the issue is notice. Would a reasonable person in the defendant's shoes have notice, have some reasonable idea that his behavior was going to subject him to this punishment? To this special circumstance. Right. And in our circumstance here, that's one reason the appellant didn't like this very much, but that's one reason I emphasize the facts of this case, because this defendant is sort of the poster child for line-in-wait. I mean, he uses the word himself. He set the trap for this woman. He got her isolated. He won her trust. He had this all planned out. There's no way that he didn't intend to kill, whatever intend to kill might mean. There's no way he didn't catch her by surprise. Is the vagueness test one that has to be vagueness as applied? Under Maynard, it does. This is not a death penalty case. So this isn't an Eighth Amendment sort of distinction to be drawn. This is simply a notice. The special circumstance leads to the life without parole sentence, right? Correct. Is it mandatory with that special circumstance that he or me death or life without parole? Procedurally, in this case, it was not. Basically, if that special circumstance was found, the only option was life, life without parole. Procedurally, this defendant was not subject to a death case. No, I understand. But he would not have been subjected to life without parole without that special circumstance finding, correct? That's correct. Absolutely correct. And yet, under United States Supreme Court jurisprudence, the distinction, the important distinction is between the possibility of death and anything else. If we're not talking about possibility of death, then Maynard says it's a notice. It's an as-applied sort of situation. And the California courts, looking at this, said, well, a reasonable person would have notice. And if this court is going to give appellant the relief he wants, this court will have to find how that was unreasonable for the California court to come to that conclusion. Now, we don't even have to get into all this business of is there a distinction between the first-degree special and the life without parole special. I'm sorry, the first-degree finding and the special circumstance. We can get into it. I certainly have no trepidation about that. And as I've expressed in the brief, there is a meaningful distinction between the two. And I was noticing, as counsel was arguing, he continually replaced the word equivalent with the word equal. They're not the same thing. Just because something is the equivalent of willfulness, premeditation, deliberation, doesn't mean it is willfulness, deliberation, premeditation. It doesn't mean it's intent. Well, the statute wouldn't have to list all these things. They wouldn't have to list poison. They wouldn't have to list lying in wait. They wouldn't have to list bombs. They wouldn't have to list all these things. All they'd have to say is willful, deliberate, premeditated. So it's not the same thing. And I don't think the court has to go there. I don't think this is a right issue at this point. I think this is a much more simple-minded issue that is before the court. And that is, was there sufficient notice? And when you look at the facts here, my goodness, he killed someone. This isn't a vagrancy statute. This isn't, oh, well, if you're hanging out on the corner in the policeman's opinion too long, or you don't, looking at the Colander case, if you don't submit whatever the policeman thinks is adequate identification, this isn't one of those cases. This guy killed this woman. And any reasonable person is going to think there's going to be some serious consequences about that. And the court of appeal came to that very reasonable conclusion. And I think that's about as far as this Court's analysis needs to go. Are there any further questions? I will answer them. Otherwise, I will submit. It appears not. Thank you. Rebuttal. Just a brief word about the facts and how this is a poster child. You know, the magistrate who heard this case was a former attorney general who tried, argued many of the lying-in-wait cases before the California Supreme Court during the expansion. And he struck it. He said, if this is lying-in-wait, then all first-degree murders are lying-in-wait. This isn't first-degree. So even factually, it's not a clear-cut matter. But notice, it's not clear-cut here for the simple reason that it's not a distinction between a crime and conduct. It's a distinction between one statute and an arguably lesser statute. This Court in Schwarzmiller cited three United States Supreme Court cases and said, vagueness can be made facially when the statute is not otherwise applicable. And that's the argument here. And I use the word equivalent. What word exactly do you use to get back to Judge Canvey's question about, can you have a premeditated second-degree lying-in-wait murder? And that kind of question is asking how much space is between those two angels and the head of a pen. It does come down to noticing that no offender could possibly restrict his conduct. It does. And then we still, if the state just said, look, we're going to make this, we're going to rule that these are, in fact, identical. Murder by lying-in-wait and lying-in-wait special circumstance, exactly the same fact. What Supreme Court case does that violate? It violates the Colander v. Lawson case about vagueness. And what you're really saying is, what's the Supreme Court case that talks about California's lying-in-wait statutes regarding vagueness? Well, it doesn't have to be quite that close. But something saying that a special circumstance and a first-degree murder thing or even two levels of a particular crime are not distinguishable, anything like that, I guess. I don't know if the Supreme Court's ever gotten that detail. The Supreme Court, on the one hand, hasn't had to because this Court took Lawson and came out with a case that's identical to this fact and this posture. And so is there any other case besides Houston v. Rode that has addressed this question? Actually, Houston was a jury instruction question rather than as applied to the facts of the case challenge. The issue in Houston was that there is no distinction between the lying and the first degree. Well, the issue was whether or not the jury instruction adequately delineated between those two. That was the specific issue in that case. I don't recall that, and I readily submit to your finding. I just want to close, and I want to read one thing. We're talking about express malice and implied malice. And I mentioned that your 18 U.S.C.S., 1111, is identical to 189. And I want to read a case that's out of the Fifth District, a Mississippi case. The distinction which marks the line between, and this is called, excuse me, Shaw. It's 701, Fed Second, 367. The distinction which marks the line between deliberation sufficient to support a conviction of first degree and the lesser killing with malice which supports a killing of second degree is less than clear. Commentators agree that the difference between the standards are vague and obscure. Perhaps the best that can be said of deliberation is that it requires a cool hand that is capable of reflection and premeditation. We are aided in our analysis of this element by the specific wording of the statute. If the evidence supports a finding of lying in wait, he shall be guilty of first degree murder. All right. Thank you, counsel. Thank you. Thank you to both counsel. The case that's argued is submitted for decision by the court. The next case on calendar for argument is United States v. Bala.
judges: Canby, Rawlinson, Smith N. R.